FILED
United States Court of Appeals
Tenth Circuit

February 12, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DEBORAH POPE,

Plaintiff - Appellant,

v.

QUIVIRA COUNCIL, BOY SCOUTS
OF AMERICA, INC.,

Defendant - Appellee.

No. 08-3018

(D. Kansas)

(D.C. No. 2:06-CV-02130-KHV)

ORDER AND JUDGMENT[*]

Before **KELLY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

Deborah Pope, an African-American woman, appeals from the district

court's order granting summary judgment to her former employer, Quivira

Council, Boy Scouts of America (Quivira Council) on her race-discrimination

claim under Title VII of the Civil Rights Act of 1964. We have jurisdiction under

28 U.S.C. § 1291 and affirm.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Quivira Council is a local council chartered by the Boy Scouts of America to carry out scouting programs in its specific geographic area within Kansas. There are eight districts within Quivira Council that offer the same scouting programs: Cheyenne, High Plains, Lakota, Mohawk, Osage Nation, Santa Fe Trail, South Winds, and White Buffalo. When Ms. Pope was employed by Quivira Council, there was also a Pathfinder District.

The Boy Scouts of America confers professional status on some Quivira Council employees by issuing commissions. To receive a commission, an employee must have a bachelor's degree from an accredited college or university, receive a score of A or B on the SRI Index (an aptitude test), and satisfactorily complete a professional-development course. The District Executive for each district within Quivira Council is a commissioned position.

Ms. Pope was hired by Quivira Council in March 2003 as a part-time employee in the Pathfinder District. In February 2004 she took the SRI Index for the first time and received a score of C. Although this score did not qualify her for a commission, Fred Meijering, the Scout Executive for Quivira Council, promoted Ms. Pope to a noncommissioned executive position in February 2004, and she became a Pathfinder Executive in the Pathfinder District in October 2004. After retaking the SRI Index and receiving a score of B, Ms. Pope assumed the duties of District Executive of the Pathfinder District in February 2005. Ms. Pope

-2-

served as a professional trainee until she successfully completed the required professional-development course and was issued a commission by the Boy Scouts of America. In May 2005 Ms. Pope became the District Executive of the Pathfinder District, earning a yearly salary of $35,250.

Ms. Pope was notified of her termination on November 30, 2005. She filed suit against Quivira Council in the United States District Court for the District of Kansas, alleging race discrimination in violation of Title VII and 42 U.S.C. § 1981, retaliation, and retaliatory discharge. In response to Quivira Council's summary-judgment motion, however, she abandoned all but her Title VII claim.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to Ms. Pope. *See Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1167 (10th Cir. 2007). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

"Where, as here, a Title VII plaintiff relies on indirect or circumstantial evidence to show discrimination, we examine the claim under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Young v. Dillon Cos.*, 468 F.3d 1243, 1249 (10th Cir. 2006).

> Under *McDonnell Douglas*, the plaintiff carries the initial burden of establishing a prima facie case of racial discrimination. Once the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for the adverse employment action. If the defendant makes this showing, the burden then shifts back to the plaintiff to show that the defendant's proffered justification is pretextual.

*Id.* (internal citations omitted).

In response to Ms. Pope's undisputed prima facie case of race discrimination, Quivira Council explained the process through which it made its termination decision. In August 2005 the Quivira Council management team completed a draft of the 2006 budget. Faced with a budget deficit, the management team decided that it needed to reduce staff. It determined that three professional employees, including Ms. Pope, had been operating their departments at a deficit, and that Ms. Pope had raised the least amount of funds and was responsible for the largest deficit. Quivira Council informed Ms. Pope that she was being terminated because of these budgetary concerns. It then eliminated the Pathfinder District and Ms. Pope's corresponding District Executive position. Ms. Pope was not replaced; rather, her responsibilities were absorbed by other employees at Quivira Council.

Because Quivira Council proffered a nondiscriminatory reason for her termination, the burden shifted back to Ms. Pope to show that this reason was a pretext for discrimination. Ms. Pope argues that Quivira Council's reason for her termination was pretextual because (1) Ms. Pope was the only African-American

-4-

executive employed by Quivira Council at the time of her termination, and (2) Alan Lepard, a white man, was promoted to be a District Executive at nearly the same salary as Ms. Pope immediately after she was notified of her termination. We will address her contentions in turn.

First, Ms. Pope contends that we should infer pretext from the fact that she was the only African-American executive employed by Quivira Council at the time of her termination. But "[s]tatistics taken in isolation are generally not probative of . . . discrimination. Specifically, statistical evidence which fails to properly take into account nondiscriminatory explanations does not permit an inference of pretext." *Sanders v. Sw. Bell Tel.*, L.P., 544 F.3d 1101, 1110 (10th Cir. 2008) (citations, brackets, and internal quotation marks omitted). Ms. Pope has presented no information regarding the number of qualified African-Americans to apply to work for the Quivira Council. Without that data, her "statistics" can not be meaningfully evaluated. *See Carney v. City & County of Denver*, 534 F.3d 1269, 1274–76 (10th Cir. 2008) (evidence that under 1% of employees were African-American females did not show discrimination without evidence of the number of qualified African-American females in the applicant pool); *Ghent v. Moore*, 519 F. Supp. 2d 328, 338–39 (W.D.N.Y. 2007) (fact that plaintiff was sole African-American faculty member in University program was not, by itself, probative of unlawful race discrimination).

Ms. Pope also asks us to infer pretext from the promotion of Alan Lepard, a white man, to District Executive of the Santa Fe Trails/Mohawk District immediately after her termination. She seems to be contending that Quivira Council was not really trying to save money when it laid her off, because it hired someone else at almost the same salary at the time of her layoff. But she has produced no evidence that Quivira Council created a new position for Lepard. On the contrary, it appears that he was merely filling a vacancy in an ongoing District Executive position; and his promotion actually saved money because the position he left was eliminated.

One might think that Ms. Pope's real claim of discrimination was that she, rather than Lepard, should have been transferred to the Santa Fe Trails/Mohawk District Executive position. But Ms. Pope has not articulated this complaint. Nor has she attempted to show that she was qualified for the Santa Fe Trails/Mohawk District Executive position, much less that she was better qualified than Lepard. *See Jones v. Barnhard*, 349 F.3d 1260, 1267 (10th Cir. 2003) ("[W]e are willing to infer pretext when the facts assure us that the plaintiff is better qualified than the other candidates for the position.").

In sum, Ms. Pope has failed to raise a genuine issue of material fact concerning whether Quivira Council's explanation for her termination was a pretext for discrimination.

Ms. Pope's final contention is that the district court erred in granting summary judgment because she was entitled to present her discrimination claim to a jury under a mixed-motive theory. But she raised the mixed-motive theory for the first time on appeal, so we need not address it. *See Sac & Fox Nation v. Hanson*, 47 F.3d 1061, 1063 (10th Cir. 1995) (issues raised for the first time on appeal will not be reviewed "except for the most manifest error." (internal quotation marks omitted)).

## III.   CONCLUSION

We AFFIRM the judgment below.

Entered for the Court


Harris L Hartz
Circuit Judge